UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-61981-BLOOM**

RONALD SMITH,

       Petitioner,

v.

FLORIDA DEPARTMENT
OF CORRECTIONS,

       Respondent.

_____/

**ORDER FOR AMENDED PETITION
AND FOR PAYMENT OF FILING FEE OR IFP MOTION**

    **THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On September 16, 2021,[1] *pro se* Petitioner Ronald Smith filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. [1] ("Petition"), and an attached Memorandum,[2] ECF No. [1-1]. Petitioner challenges his conviction and life sentence for first-degree murder in Broward County Circuit Court Case No. 07-23026CF10A. *Id.* at 1.

    Petitioner neither paid the filing fee of $5.00, nor filed a motion to proceed *in forma pauperis* pursuant to Rule 3(a) of the Rules Governing § 2254 Proceedings in the District Courts. Thus, **on or before October 21, 2021**, Petitioner is ordered to either pay the $5.00 filing fee or file a motion to proceed *in forma pauperis*.

    After initial review of the Petition and Memorandum, the Court concludes that, in addition

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations and internal quotation marks omitted).

[2] In his Petition, Petitioner refers to an attached "appendix." After review of the filings, the Court liberally construes the "appendix" to be a supporting memorandum of law as Petitioner's claims for relief are contained entirely in the memorandum. *See Haines v. Kerner*, 404 U.S. 519 (1972).

to the payment of the filing fee, no order to show cause shall be served on Respondent until Petitioner cures certain deficiencies. Rules Governing § 2254 Cases, Rule 4; *see Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (per curiam) ("This preliminary review calls on a district court to perform screening function, ordering summary dismissal where a petition makes no meritorious claim to relief.").

Under Federal Rule of Civil Procedure 8, a party must allege their claims in "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although Petitioner is subject to a heightened pleading standard in this proceeding, *see Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("The § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."), he still must submit his allegations in a manner that is consistent with the goal of Rule 8. In other words, he must present his allegations succinctly while also providing reasonably specific allegations.

The Petition and Memorandum are deficient in several ways. First, the Local Rules prescribe a 20-page limit on a habeas petition and its supporting memorandum. *See* S.D. Fla. L.R. 7.1(c)(2). Here, the Petition and Memorandum together are 35-pages in length, which has substantially interfered with the Court's ability to effectively and efficiently evaluate it. Additionally, Petitioner's claims lack meaningful factual support and/or are unclear. The Petition does not state any independent grounds for relief and instead references the Memorandum; however, the Memorandum appears to be incomplete excerpts taken from at least three separate state court post-conviction motions. *See* ECF No. [1-1]; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements." (citing Rules Governing § 2254 Cases, Rule 2(c))); *see also Wilson v. United States*, 962 F.2d 996, 998

(11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient." (citation omitted)).

Finally, it is not clear how many grounds Petitioner intends to raise. The Memorandum contains portions of 16 different claims. The Court cautions Petitioner that the number of claims raised in a habeas petition does not necessarily correlate positively with its likelihood for success. *See, e.g.*, *Davila v. Davis*, 137 S. Ct. 2058, 2067 (2017) ("Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." (citations omitted)); *Jones v. Barnes*, 463 U.S. 745, 753 (1983) ("A brief that raises every colorable issue runs the risk of burying good arguments—those that . . . 'go for the jugular[.]'" (citation omitted)); *Chandler v. United States*, 218 F.3d 1305, 1319 (11th Cir. 2000) ("Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others."); *United States v. Battle*, 163 F.3d 1, 2 (11th Cir. 1998) ("Most cases present only one, two, or three significant questions . . . . Usually, . . .   if you cannot win on a few major points, the others are not likely to help . . . ." (quoting *Jones*, 463 U.S. at 752)). Finally, the claims raised in the Memorandum lack meaningful supporting factual allegations and/or are unclear.

Consistent with the goal of Rule 8 and to better serve judicial efficiency, Petitioner is permitted to amend his Petition, but the Amended Petition and any incorporated memorandum of law shall not exceed 20-pages in length. By adhering to this requirement, Petitioner will be in a better position to raise his best claims, not every conceivable claim. Title pages preceding the first page of text, signature pages, certificates of good faith conferences, and certificates of service shall not be counted as pages towards the page limitation. *See generally* S.D. Fla. L.R. 7.1(c)(2).

Accordingly, it **is ORDERED AND ADJUDGED** as follows:

1. **On or before October 21, 2021,** Petitioner shall either pay the Clerk's filing fee of $5.00 or, in the alternative, shall file a motion to proceed *in forma pauperis*, with

supporting financial affidavit, and the six-month account statement in accordance with Rule 3(a) of the Rules Governing §2254 and § 2241 Proceedings in the District Courts.

2. The Clerk of Court is **DIRECTED** to provide Petitioner with a copy of the form Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus and the form *in forma pauperis* application alongside this Order.

3. If Petitioner pays the filing fee, the payment must bear **Case No. 21-cv-61981-BB** so the fee will be docketed in the correct case. This is especially important where Petitioner has filed more than one case.

4. **On or before October 21, 2021**, Petitioner shall file an Amended Petition **not to exceed 20-pages** in length that complies with the applicable rules of procedure set forth in this order, and that cures the pleading deficiencies identified in this order.

5. The Amended Petition must be labeled "Amended Petition" and bear the **Case No. 21-cv-61981-BB** so that it will be filed in this case.

6. The Amended Petition shall be the sole, operative pleading considered in this case, and only the claims listed therein will be addressed by the Court. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). Therefore, the amended petition should in no way refer to the petitioner's original filing, nor in any way incorporate by reference claims raised or arguments made in that filing. *See* S.D. Fla. L.R. 15.1. Facts alleged and claims raised in petitioner's previous filings that are not specifically re-pleaded in the amended petition will be considered abandoned and voluntarily dismissed. In addition, any claim set forth in the amended petition must be timely filed, or it may be subject to dismissal pursuant

Case No. 21-cv-61981-BLOOM

to *Davenport v. United States*, 217 F.3d 1341 (11th Cir. 2000), as well as any other procedural bars and defenses that may apply.

7.  The Amended Petition must not incorporate by reference arguments or text from any other documents, including exhibits.

8.  Petitioner is cautioned that failure to comply with this Order may result in dismissal of this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 22, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Ronald Smith, *Pro Se*
#655463
Okeechobee Correctional Institution
Inmate Mail/Parcels
3420 NE 168th Street
Okeechobee, FL 34972